Ms. Denele Campbell, President Alliance for Reform of Drug Policy in Arkansas 1155 West Sixth PMB A17 Fayetteville, AR 72701
Dear Ms. Campbell:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of the following popular name and ballot title for a proposed initiated act:[1]
 POPULAR NAME THE ARKANSAS MEDICAL MARIJUANA ACT BALLOT TITLE AN ACT STATING THAT PATIENTS AND DOCTORS HAVE FOUND MARIJUANA TO BE AN EFFECTIVE TREATMENT FOR DEBILITATING MEDICAL CONDITIONS AND THAT ARKANSANS SUFFERING SUCH CONDITIONS SHOULD BE ALLOWED TO USE MARIJUANA WITHOUT FEAR OF CIVIL OR CRIMINAL PENALTIES WHEN THEIR DOCTORS ADVISE THAT SUCH USE MIGHT BE BENEFICIAL, ASSUMING CERTAIN REASONABLE RESTRICTIONS ARE MET; STATING THAT THE CHANGES OF THIS ACT SHALL NOT CHANGE LAW GOVERNING THE USE OF MARIJUANA FOR NON-MEDICAL PURPOSES; DEFINING THE TERMS "PRACTITIONER," "DEBILITATING MEDICAL CONDITION," "DELIVERY," "DESIGNATED PRIMARY CAREGIVER," "DEPARTMENT," "MARIJUANA," "MEDICAL USE OF MARIJUANA," "MANUFACTURE," "REGISTRY IDENTIFICATION CARD," "USABLE MARIJUANA," AND "WRITTEN DOCUMENTATION"; EXCEPTING FROM THE CRIMINAL LAWS OF THE STATE A PERSON ENGAGED IN OR ASSISTING IN THE MEDICAL USE OF MARIJUANA BY POSSESSING, DELIVERING, OR MANUFACTURING MARIJUANA OR BY AIDING AND ABETTING ANOTHER IN THE POSSESSING, DELIVERY, OR MANUFACTURING OF MARIJUANA OR ANY OTHER CRIMINAL OFFENSE IN WHICH POSSESSION, DELIVERY, OR MANUFACTURE OF MARIJUANA IS AN ELEMENT IF THE PERSON HOLDS A REGISTRY IDENTIFICATION CARD, HAS APPLIED FOR A REGISTRY IDENTIFICATION CARD, OR IS THE PRIMARY DESIGNATED CAREGIVER OF A CARDHOLDER AS LONG AS THE AMOUNTS INVOLVED ARE THE AMOUNTS ALLOWED IN THE ACT; REQUIRING THE ESTABLISHMENT AND MAINTENANCE OF AN ARKANSAS DEPARTMENT OF HEALTH PROGRAM FOR THE ISSUANCE OF A REGISTRY IDENTIFICATION CARD TO ANY PERSON WHO PAYS AN AFFORDABLE FEE, PRESENTS VALID, WRITTEN DOCUMENTATION FROM HIS OR HER PRACTITIONER STATING THAT THE PERSON HAS BEEN DIAGNOSED WITH A DEBILITATING MEDICAL CONDITION AND THAT THE MEDICAL USE OF MARIJUANA MAY MITIGATE THE SYMPTOMS OR EFFECTS OF THAT CONDITION, PROVIDES HIS OR HER NAME, ADDRESS, AND DATE OF BIRTH ALONG WITH THE NAME, ADDRESS, AND TELEPHONE NUMBER OF THE PRACTITIONER, AND THE NAME AND ADDRESS OF THE DESIGNATED PRIMARY CAREGIVER, IF ANY; REQUIRING THE ISSUANCE OF A REGISTRY IDENTIFICATION CARD TO A PERSON WHO IS UNDER EIGHTEEN YEARS OF AGE IF THE PERSON SUBMITS THE SAME MATERIALS REQUIRED OF ADULTS AND, IN ADDITION, ONE OF THE PERSON'S PARENTS OR LEGAL GUARDIANS SIGNS A WRITTEN STATEMENT WHICH CONFIRMS THAT THE PERSON'S PRACTITIONER HAS EXPLAINED THE POSSIBLE RISKS AND BENEFITS OF SUCH USE AND WHICH CONFIRMS THE PARENT OR LEGAL GUARDIAN'S CONSENT TO THE USE OF MARIJUANA, AGREEMENT TO SERVE AS THE PERSON'S DESIGNATED PRIMARY CAREGIVER, AND AGREEMENT TO CONTROL THE ACQUISITION OF MARIJUANA AND THE DOSAGE AND FREQUENCY OF USE BY THE PERSON; REQUIRING THAT PERSONS SHALL APPLY FOR THE CARD THROUGH THE LOCAL COUNTY HEALTH DEPARTMENT, WHICH SHALL IN TURN TRANSMIT THE INFORMATION TO THE DEPARTMENT WITHIN FIVE DAYS, KEEPING THESE RECORDS CONFIDENTIAL EXCEPT DISCLOSURES AS REQUIRED FOR PROCESSING; REQUIRING THAT THE DEPARTMENT VERIFY THE APPLICANT'S INFORMATION FOR APPROVAL OR DENIAL WITHIN THIRTY DAYS, WITH DENIAL OCCURING [SIC] ONLY IF THE APPLICANT DID NOT PROVIDE THE REQUIRED INFORMATION OR IF THE DEPARTMENT DETERMINES SUCH INFORMATION WAS FALSIFIED, WITH FURTHER PROVISION THAT SUCH DENIAL SHALL BE CONSIDERED FINAL WITH ALLOWANCE FOR JUDICIAL REVIEW AND REAPPLICATION; REQUIRING THAT UNLESS GROUNDS FOR DENIAL EXIST, THE DEPARTMENT SHALL ISSUE TO THE PATIENT, AND CAREGIVER IF ANY, WITHIN FIVE DAYS OF VERIFICATION A SERIALLY NUMBERED REGISTRY IDENTIFICATION CARD CONTAINING SPECIFIED INFORMATION; REQUIRING THE CARDHOLDER TO NOTIFY THE DEPARTMENT OF ANY CHANGES IN NAME, ADDRESS, PRACTITIONER, OR CAREGIVER AND TO PROVIDE ANNUAL UPDATES ON THE MEDICAL CONDITION AND THE NAME OF THE CAREGIVER; PROVIDING THAT A CARD HELD BY A PERSON WHO FAILS TO COMPLY WITH NOTIFICATION AND UPDATE REQUIREMENTS SHALL BE DEEMED EXPIRED; PROVIDING THAT A CARD APPLICANT CONTACTED BY LAW ENFORCEMENT IN CONNECTION WITH THE MEDICAL USE OF MARIJUANA MAY PROVIDE COPIES OF WRITTEN DOCUMENTATION AND PROOF OF APPLICATION AND THAT THESE SHALL SERVE AS A CARD UNTIL THE DEPARTMENT FINALIZES THE APPLICATION; PROVIDING THAT PERSONS AUTHORIZED TO USE MEDICAL MARIJUANA UNDER THIS ACT SHALL NOT BE EXCEPTED FROM THE STATE'S CRIMINAL LAWS IF HE OR SHE DRIVES UNDER THE INFLUENCE OF MARIJUANA, USES IT IN A PUBLIC PLACE, OR DELIVERS MARIJUANA TO ANYONE KNOWN TO NOT BE A CARDHOLDER; PROVIDING THAT AN AFFIRMATIVE DEFENSE TO CRIMINAL CHARGES MAY BE CLAIMED BY ANY NON-CARDHOLDING ADULT USING MEDICAL MARIJUANA WHOSE PRACTITIONER HAS ADVISED ABOUT THE USE, IF THE AMOUNT OF MARIJUANA IS WITHIN THE AMOUNT SPECIFIED IN THIS ACT, OR IF THE PERSON PROVES A GREATER AMOUNT IS MEDICALLY NECESSARY; ALLOWING A NON-CARDHOLDER TO CLAIM MEDICAL NECESSITY IN THE FACE OF CRIMINAL CHARGES; DESCRIBING THE AMOUNTS OF MARIJUANA ALLOWED; PROVIDING THAT CRIMINAL CHARGES FOR GREATER AMOUNTS MAY BE CHALLENGED BY PRESENTATION OF A PREPONDERANCE OF EVIDENCE AS TO MEDICAL NECESSITY; REQUIRING THAT REGISTRY IDENTIFICATION CARDS NOT BE CONSIDERED PROBABLE CAUSE FOR SEARCH OF PERSON OR PROPERTY OR INSPECTION BY ANY GOVERNMENTAL AGENCY AND THAT ANY PROPERTY INTEREST SEIZED BY LAW ENFORCEMENT SHALL BE RETURNED UNHARMED IMMEDIATELY UPON DETERMINATION OF THE PERSON'S MEDICAL USE; REQUIRING THAT THE BOARD OF MEDICAL EXAMINERS ISSUE NO CIVIL PENALTY OR DISCIPLINE TO PRACTITIONERS FOR ADVICE OR WRITTEN DOCUMENTATION PROVIDED TO A PERSON ABOUT MEDICAL MARIJUANA; REQUIRING THAT NO PROFESSIONAL LICENSING BOARD TAKE ACTION AGAINST A PERSON USING MEDICAL MARIJUANA OR AGAINST A PERSON SERVING AS CAREGIVER; DECLARING THAT NOTHING IN THE ACT SHALL PROTECT FROM CRIMINAL CAUSE OF ACTION A PERSON POSSESSING, DELIVERING, OR MANUFACTURING MARIJUANA NOT AUTHORIZED BY THE ACT; REQUIRING THAT THE DEPARTMENT CREATE AND MAINTAIN A LIST OF CARDHOLDERS, TO BE KEPT CONFIDENTIAL EXCEPT FOR AUTHORIZED EMPLOYEES OF THE DEPARTMENT AND AUTHORIZED EMPLOYEES OF STATE OR LOCAL LAW ENFORCEMENT AS NECESSARY TO VERIFY AUTHENTICITY OF A CARD; PROVIDING PROCEDURE FOR DESIGNATION OF A CAREGIVER AND CREATING A LIMIT OF ONE; ALLOWING THE DEPARTMENT TO ADOPT NECESSARY RULES; ALLOWING THE DEPARTMENT TO TAKE ACTION AS NEEDED BEFORE THE EFFECTIVE DATE OF THE ACT; PROVIDING FOR THE SEVERABILITY OF THE PROVISIONS OF THE ACT; AND ESTABLISHING DATES OF IMPLEMENTATION.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed measure. See Arkansas Women's Political Caucus v.Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed act that will give the voter a fair understanding of the issues presented.Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v.Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed act as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed ballot title. Several additions or changes to your ballot title are in my view necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, substitute and certify a ballot title (see A.C.A. § 7-9-107(b)) due to several ambiguities in the text of your proposed measure. Resolution of these ambiguities is necessary before I can exercise my statutory authority under § 7-9-107(b).
Initial uncertainty arises, in my judgment, concerning the exact scope and import of your proposed measure. As noted above, the ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. The proposed ballot title in this instance, for the most part, simply restates the text of the proposed act. The text is, however, very detailed, complex, and lengthy. Particular hazards attend such a text. The sponsor in that instance runs the risk that the ballot title is unacceptable either because it is too "complex, detailed, and lengthy," or because is has "serious omissions." See Pagev. McCuen, 318 Ark. 342, 884 S.W.2d 951 (1994). The court in Page
stated:
 Although Amendment 7 to the Arkansas Constitution does not specify a limit on the length of a proposal, the proposed measure must be of a size capable of having a ballot title which will not only convey the scope and import of the measure, but also impart a description of the proposal so voters can cast their votes intelligently and with a fair understanding of the issue.
Id., 318 Ark. at 347.
In my judgment, the expansiveness of the text in this instance does not necessarily preclude the writing of an acceptable ballot title. It does, however, suggest the desirability of summarizing the effect of the proposal in as simplified a manner as possible. I am unable to provide this summary due to my uncertainty as to the exact impact of your proposal. Specifically, I am uncertain as to the precise effect of the "affirmative defense" under Section 6 of the act. Your proposed ballot title states in relevant part in this regard that an affirmative defense may be claimed "by any non-cardholding adult using medical marijuana
whose practitioner has advised about the use. . . ." This differs from the actual language of the text, which provides an affirmative defense for a non-cardholding adult who "[i]s engaged in the medical use of marijuana. . . ." The definition of "medical use of marijuana" includes the "manufacture, possession, [or] delivery" of marijuana. See Section 3(7) of text. This raises the question whether one who has a debilitating condition can "deliver," i.e., sell (see A.C.A. § 5-64-101(f), defining "deliver") marijuana to another. If, on the other hand, the act is only intended to authorize the "medical use of marijuana," i.e., manufacture, possession, delivery, or administration, by a person with a debilitating condition solely for the purpose of mitigating his own condition, and by a designated primary caregiver only for that person, then this should be clearly stated. It is my opinion that the act as currently drafted is unclear in this regard. And this would likely be viewed as an essential fact which would give the voter serious ground for reflection. See Baileyv. McCuen, supra.
An ambiguity also arises, in my judgment, under Section 3(1) of your proposed measure wherein it states that the term "practitioner":
 . . . refers to a physician, dentist, veterinarian, scientific investigator, or other person licensed, registered, or otherwise permitted under Arkansas law, as described in Arkansas Code 5-64-101(q).
Under § 5-64-101(q) (part of the Uniform Controlled Substances Act), "practitioner" means:
 . . . a physician, dentist, veterinarian, scientific investigator, or other person licensed, registered, or otherwise permitted to distribute, dispense, conduct research with respect to, or to administer a controlled substance in the course of professional practice or research in this state[.]
This definition of "practitioner" seemingly encompasses persons other than "doctors" (see Section 2 of proposed act) who are engaged in the practice of advising persons with respect to their individual medical conditions. Thus, while your proposed measure in Section 2 refers only to "doctors" giving their professional advice to patients, uncertainty arises elsewhere in the text (due to the above definition of "practitioner") where provision is made for a "practitioner" to supply documentation regarding a person's medical condition and give advice about the medical use of marijuana. Is the act only intended to apply to medical doctors? This should be clarified for proper reflection in the ballot title. Otherwise, in my judgment, unintended consequences may flow from the current text, and the ballot title may be viewed as misleading.
My uncertainty as to the precise operation of the proposed act in the above respects prevents me from interjecting my own interpretation into the ballot title. My office does not concern itself with the merits of proposed measures, nor do I have any constitutional role in the shaping or drafting of initiative or referendum measures. I am not your counsel in this matter and cannot advise you as to the substance of your proposal. At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, however, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty under these circumstances is to reject your submission, stating my reasons therefor, and instruct you to redesign the proposed measure and ballot title. A.C.A. § 7-9-107(c).[2] You may at your convenience, after clarification of this ambiguity, resubmit your proposed act along with a new ballot title and popular name. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General
[1] You made a previous submission with respect to this proposed initiated act which I rejected, in Attorney General Opinion 99-300, due to the ballot title's failure to adequately summarize the proposal. You have now resubmitted this initiative with a revised ballot title.
[2] Your proposed popular name in this instance is, in my view, likely sufficient as submitted. However, as noted above, the popular name and ballot title must be considered together in order to make the sufficiency determination.